UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and STATE OF INDIANA, *ex rel.* CHARLES E. WADE, Relator,   Plaintiffs, v. MARION HEALTH, et al.,   Defendants. | Cause No. 1:22-CV-74-HAB |

**OPINION AND ORDER**

Relator Charles E. Wade ("Wade") filed this case on behalf of the United States and the State of Indiana ("Government Plaintiffs"), alleging that Defendants overbilled Medicare for services provided by nurse practitioners and physicians assistants. Both Government Plaintiffs declined to intervene. (ECF Nos. 9, 12). Before any Defendant was served, Wade moved to dismiss the case with prejudice. (ECF No. 17). Wade's motion indicated that the Government Plaintiffs consented to the dismissal so long as the dismissal was without prejudice to their rights. (*Id*. at 1). Government Plaintiffs filed no formal objection to dismissal with prejudice. Hearing no objection, the Court granted the dismissal with prejudice.

Two days after the case was dismissed, the United States filed a motion asking the Court to clarify that the dismissal with prejudice was as to Wade only. (ECF No. 18). Citing no case law, the Government asserts that, under 31 U.S.C. § 3730, it must consent to any dismissal. Because it does not consent to dismissal of its claim with prejudice, the Government asserts that dismissal of its claim can only be without prejudice.[1]

---

[1] The Government asks for the same relief for the State of Indiana. However, Indiana has not filed a motion like that of the Government, nor does the Government point to any basis for dismissing Indiana's claims without prejudice. If

Qui tam[2] actions are claims by private parties, brought on behalf of the Government, for violations of the False Claims Act, 31 U.S.C. § 3729. Section 3730 governs the procedures for those claims. The individual seeking to bring the claim, generally known as a relator, must file a sealed complaint and serve it on the Government. 31 U.S.C. § 3730(b)(2). The Government then has sixty days to decide whether to intervene in the action. *Id*. When, as here, the Government elects not to intervene, "the person who initiated the action shall have the right to conduct the action." *Id*. at (c)(3). While the Government retains the right to later intervene, its only statutory role in the action is to receive copies of filings upon request. *Id*.

The point of contention can be found in subsection (b)(1). There, the statute provides that "[t]he action may be dismissed only if the court and the Attorney General give written consent to the dismissal and their reasons for consenting." 31 U.S.C. § 3730(b)(1). The Government seems to believe that this sentence gives it the right to dictate how the case can be dismissed. The Court cannot agree.

First, the meaning of (b)(1) is far from settled. Several courts have held that the Government waives its right to consent to dismissal once it declines to intervene. *Minotti v. Lesnick*, 895 F.2d 100, 104 (2nd Cir. 1990) ("Once the United States formally has declined to intervene in an action (as it has in this case), however, little rationale remains for requiring consent of the Attorney General before an action may be dismissed."); *U.S. ex rel. Fender v. Tenet Healthcare Corp.*, 105 F. Supp. 1228, 1231 (N.D. Ala. 2000) ("The decision by the Attorney General not to intervene in and conduct the lawsuit is tantamount to consent by the Attorney General to have the action dismissed."); *U.S. ex rel. Hullinger v. Hercules, Inc.*, 80 F. Supp. 2d

---

Indiana planned to piggyback off the Government's filing, an Indiana-specific argument should have been made. As it is, the Court finds that Indiana has waived any claim for a correction of the dismissal.

[2] The Latin phrase "qui tam" is an abbreviation for "qui tam pro domino rege quam pro se ipso in hac parte sequitur," meaning, "who as well for the king as for himself sues in this matter." Black's Law Dictionary 1262 (7th ed.1999).

1234, 1240-41 (D. Utah 1999) (in cases where the Government declines to intervene, absolute right for the Government to veto dismissal is "inconsistent with granting the relator the right to conduct and settle the suit").

While the Court finds no Seventh Circuit case directly on point, *United States v. UCB, Inc.*, 970 F.3d 835 (7th Cir. 2020), supports a holding that the Government has no right to dictate the terms of dismissal here. In *UCB*, the Government declined to intervene in a False Claim Act suit alleging a violation of the Anti-Kickback Statute. More than a year after the suit was filed, the Government sought to dismiss the suit under § 3730(c)(2)(A) over the objection of the relator. The district court denied the Government's motion.

The Seventh Circuit reversed on appeal, but its discussion of the Government's rights and responsibilities under § 3730 is instructive. The Government is not a party to a qui tam action until, and unless, it intervenes.[3] *UCB, Inc.*, 970 F.3d at 844. When the Government does not intervene, it has no right to trample on the relator's right to conduct the action.

> Along these lines, § 3730(b)(4)(B) gives the relator "the right to conduct the action"—without qualification—when the government has declined to intervene. That phrase is picked up by paragraph (c)(3), which provides that, "If the Government elects not to proceed with the action," the relator "shall have the right to conduct the action," while reserving certain rights (to be served with copies of certain papers, to intervene later for good cause) to the government. Thus, when Congress wanted to qualify the relator's "right to conduct the action" absent intervention, it did so in paragraph (c)(3). It would be odd if the unqualified "right to conduct the action" in subparagraph (b)(4)(B) and the nearly unqualified "right to conduct the action" in paragraph (c)(3) were in fact the profoundly qualified right to conduct the action so long as the government does not wish to have it dismissed or settled under subparagraphs (c)(2)(A) or (B)—neither of which even mentions the relator's "right to conduct the action."

---

[3] Because the Government is not a party in the suit, the Court questions whether it even has the right to file the instant motion. *See Padgett v. Norfolk Southern Corp.*, 2022 WL 2073830 (7th Cir. June 9, 2022) (reversing the grant of summary judgment sought by non-party).

3

*Id*. at 845. The Government's right to seek dismissal, then, was contingent on its right to intervene. *Id*. at 844.

The Government has not sought to intervene in this case. Rather, it has left all litigation activity to Wade. The Court concludes that, by taking no action in the case until after dismissal, the Government has no right to object now.

The Court concedes that some courts have reached the opposite conclusion. *See*, *e.g.*, *United States v. Health Possibilities, P.S.C.*, 207 F.3d 335 (6th Cir. 2000). But the Government has not recognized the split in authority, much less advocated for one side of the split over the other. In the absence of any cogent argument by the Government to the contrary, the Court finds that the Government, having chosen not to intervene, has no right to object to dismissal with prejudice.

Even if the Court agreed with the Government's reading of subsection (b)(1), the conclusion that the Government can dictate the terms of dismissal does not follow. Remember, the Government does not object to the dismissal of this case. Rather, it objects to the dismissal of the case with prejudice. The Court finds no authority that parses subsection (b)(1) to require Governmental consent where the dismissal is with prejudice but not where dismissal is without prejudice. Yet this is the interpretation, advanced without any support, that the Government espouses.

It is also relevant that the Government did not object to Wade's motion to dismiss with prejudice. Any objection by the Government was due within fourteen days after the motion to dismiss was filed. N.D. Ind. L.R. 7-1(d)(3)(A). Having received no objection, "the Court can only assume that either [the Government did] not object to the dismissal of [its] complaint with prejudice or that [the Government had] not provided [its] attorney with a reaction to the pending

motion to dismiss." *Lapachishvilli v. CRST Expedited, Inc.*, 2022 WL 2355911, at *1 (N.D. Ind. Mar. 10, 2022). Either way, the instant motion, filed more than a month after the motion to dismiss and days after dismissal, was far too late under this Court's Local Rules.

For these reasons, the Government's Motion for Clarification (ECF No. 18) is DENIED.

SO ORDERED on July 27, 2022.

     s/ Holly A. Brady_____
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT